## 984.  PIEDMONT WAGON CO. *v.* HUDGENS & McINTOSH.

1. Where the vendor has agreed to sell and deliver personal property at a particular date and fails to perform his contract, the vendee may recover in damages the difference between the contract price and the market value of the property at the time and place at which it should have been delivered.
2. Profits recoverable for breach of contract are such as are the immediate fruit of the contract, independent of any collateral enterprise; and mere prospective or anticipatory profits, speculative and conjectural, are too remote and uncertain to enter into the estimate of damages to be allowed for a breach of contract.

Complaint, from city court of Elberton—Judge Proffitt. November 23, 1907.

Submitted February 5,—Decided June 18, 1908.

*C. P. Harris,* for plaintiff.  *Sam. L. Olive,* for defendants.

HILL, C. J.  The Piedmont Wagon Company brought suit on an open account against Hudgens & McIntosh, a partnership. The plea admitted the account sued on, but set up a counter-claim as follows: "First:  On the 7th day of February, 1907, defendants made a contract with plaintiff for the purchase of forty-five one-horse wagons, to be delivered them at Elberton within a reasonable time.  At the same time and place defendants contracted with plaintiff to become agents for the sale of one-horse wagons for plaintiff at Elberton for and during the year 1907, and that no other person was to be allowed to sell the one-horse wagons made by plaintiff in Elbert county.  Contrary to the agreement, and in wilful disregard of defendants' rights under said contract, the plaintiff immediately contracted with other persons to sell said one-horse wagons, and shipped said one-horse wagons to said parties for sale in Elberton, and refused to ship defendants the said forty-five one-horse wagons ordered of plaintiff by defendants. Second:  Defendants, relying on the good faith of plaintiff, and believing they would carry out their contract and ship defendants the one-horse wagons ordered of them, made no other arrangements to supply their stock of one-horse wagons, until it was too late to offer the market the sale of one-horse wagons.  Third:  At the time defendants made said order and contract, they were in the business of selling wagons, and made said order to furnish and supply their stock of wagons then offered and intended to be offered to the market for the spring trade for the year 1907.

Fourth: About six weeks after defendants made said order, the plaintiffs informed defendants that they had made a contract with other parties to sell the said one-horse wagons, and refused to ship the one-horse wagons to defendant. Had the plaintiff shipped said one-horse wagons as they had agreed to do, defendants could have sold the same at a profit of five dollars, and have disposed of all of them to the spring trade of 1907. Defendants notified plaintiffs of this loss and insisted on the carrying out of said contract on the part of plaintiffs. They refused and still refuse, to the injury and damage of defendants in the sum aforesaid, $225.00. Wherefore defendants plead said sum as damages, and pray the same allowed against said account sued on, and judgment against plaintiff for the excess."

The plaintiff filed a demurrer to this plea, on the ground, that "the damages sought to be recovered by defendants and set out in their said plea are speculative, and are too remote to be recovered, such damage claimed being the amount of profits which defendants calculate they would have made upon prospective resales of the articles mentioned in said plea, it not being alleged that any such resale had been made by defendants." The court overruled this demurrer, and the plaintiff excepted pendente lite.

We think the demurrer should have been sustained and the plea stricken. The Supreme Court has frequently held that conjectural profits are too remote and uncertain to be recoverable as damages. In this case the defendants, in the plea, endeavored to recover as damages the profits which they claim they would have realized on the sale of the wagons if the plaintiff had delivered the wagons to them according to contract. The plea did not aver that the defendants had made any resale of these wagons, and it was entirely conjectural that they would have done so during the season. Even, therefore, if there was a contract made by the plaintiff to sell and deliver the wagons to the defendants, and a breach of the contract, the damages resulting to the defendants from the breach were purely speculative and anticipatory. Civil Code, §3798; *Cowela Falls Mfg. Co.* v. *Rogers,* 19 *Ga.* 417 (65 Am. D. 602); *Cooper* v. *Young,* 22 *Ga.* 269 (68 Am. D. 502); *Red* v. *Augusta,* 25 *Ga.* 390; *Kenny* v. *Collier,* 79 *Ga.* 746 (8 S. E. 58).

It is well settled that where a vendor has agreed to sell and deliver personal property at a particular date and fails to perform

his contract, the vendee may recover in damages the difference be-
tween the contract price and the market value of the property at
the time and place at which it should have been delivered.   Chit.
Con. (5th Am. ed.) 445; Masterton v. Brooklyn, 7 Hill, 61 (42
Am. Dec. 46), and cases cited.              *Judgment reversed.*