2973.   TRIGG CANDY CO. *v.* EMMETT SHAW CO.

The allegations of the petition show a cause of action, and the demurrer
was properly overruled.

DECIDED JUNE 7, 1911.

Attachment; from city court of Fort Gaines—Ben M. Turnip-
seed, judge pro hac vice.   February 14, 1910.

This case came to this court on exceptions to the judgment over-
ruling a demurrer, general and special, to the petition.   The peti-
tion is as follows:

"(1) The petition of Emmett Shaw Company, said company
being composed of Emmett Shaw and Carrie Shaw, shows that the
Trigg Candy Company, a corporation doing business under the
laws of the State of Tennessee, is indebted to said Emmett Shaw
Company in the sum of $234.30.

"(2) That said Trigg Candy Company sold to your petitioner
on the 3d day of March, 1909, 250 barrels of candy, each of said
barrels to contain 150 pounds, at the price of 5 cents per pound, said
candy to be delivered between the date of sale and the 1st day of
September, 1909, which is evidenced by the written agreement of
the said Trigg Candy Company, which is hereto attached, marked
'Exhibit A.'

"(3) That said Trigg Candy Company failed and refused to ship
out and deliver to your petitioner the candy mentioned in paragraph
2 of this petition, or any part of said candy, although ordered and
requested by the plaintiff to do so.

"(4) That during said period between the 3d of March, 1909,
and the 1st day of September, 1909, your petitioner was compelled
and forced to purchase candy from other manufacturers at a mini-
mum price of 5⅝ cents per pound, which was the market price for
these goods, and they could not be purchased for a less price than
5⅝ cents per pound from other manufacturers than defendant dur-
ing the period between March 3, 1909, and September 1, 1909.

"(5) By reason of the fact that said Trigg Candy Company re-
fused and failed to ship out and deliver to your petitioner the
candy mentioned in paragraph 2 of this petition, your petitioner
was forced to go into the markets and buy the same grade of candy
as that bought from defendant, at a minimum price of 5⅝ cents
per pound, which was the market price of candy during the period
between March 3, 1909, and September 1, 1909.

" (6) That by reason of the facts set forth in the foregoing paragraphs your petitioner was damaged by the defendant, Trigg Candy Company, in the sum of $234.30, which is the difference in price for said candy between what said Trigg Candy Company sold it to your petitioner and what your petitioner was forced to buy from other manufacturers, being the difference between 5 cents per pound on thirty-seven and one-half thousand.

The next paragraph of the petition alleges that for the purpose of enforcing collection of the damages claimed, the Emmett Shaw Company sued out an attachment against the defendant, and had the same levied by serving process of garnishment upon two persons therein named.

The contract referred to as "Exhibit A" is as follows: "Ft. Gaines, Ga., 3/12, 1909. Contract. Sold Emmett Shaw Company, Ft. Gaines, Ga., 250 bbl. stick asst. 5 cents, best #1 stick rd. (150# bbls). To be shipped as ordered by E. Shaw Co. Contract expires Sept. 1st, 1909. Terms S/D to B/L, less 2% cash. Trigg Candy Co., Chattanooga, G. E. Arnold."

The demurrers, so far as they are insisted upon before this court, besides the general ground that the petition set forth no cause of action, may be stated as follows: that the defendant, being a corporation, could only act through its agent, and it is not alleged what agent sold plaintiff the candy, and it is not alleged that the agent had authority to make such sale, or such authority as would bind it; that the contract, the breach of which is the basis of the suit for damages, is not a legal and binding contract; that the allegation that the petitioner "was compelled and forced to purchase candy from other manufacturers at the minimum price of 5⅝ cents per pound" is defective, in that it does not allege why plaintiff was forced to buy the candy from other manufacturers, nor how much; and that this allegation is a bare conclusion, unsupported by any alleged fact; and for the same reason the allegation that the petitioner was forced to go into the market and buy the same candy as that bought from defendant, at the minimum price of 5⅝ cents per pound, was insufficient.

*Calhoun & Rambo,* for plaintiff in error.

*King & Castellow,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The allegation is positive that the contract in question was

made by the corporation.  It is signed: "Trigg Candy Co., Chattanooga, G. E. Arnold."  It does not appear whether Arnold was a general agent, or a special agent authorized to make the contract, or was in fact an officer of the corporation who was fully authorized to make the contract; but the allegation that the contract was the act of the corporation was sufficient to let in proof as to these other facts, and consequently this allegation, in connection with the contract itself, was sufficient as against a demurrer.

2.  The contract alleged to have been made by the defendant and subsequently breached by it constitutes an offer or proposal to sell the candy therein specified to the plaintiff within a certain period, and to deliver it as ordered by the plaintiff.  The offer or proposal, by its terms, was to expire September 1, 1909.  It is alleged, that before this date arrived, the plaintiff "ordered and requested" the defendant to ship out and deliver to the plaintiff the candy mentioned in the contract, and that by reason of the refusal of the defendant to comply with this order and request, the plaintiff was compelled and forced to purchase candy from other manufacturers at the market price.  The plaintiff, by ordering and requesting the defendant to ship the candy, signified in writing an acceptance of the offer or proposal, and therefore the contract became binding upon the plaintiff; and it was already a binding contract upon the defendant, as it was duly signed by it when made.  *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541), and cases there cited.

3.  On the breach of the contract by the defendant, the plaintiff was entitled to recover as damages the difference between the contract price and the market price.  The allegation that the plaintiff was forced to go into the market and buy the same grade of candy as that which had been bought from the defendant, at the minimum price of 5⅝ cents per pound, is sufficiently definite, and is an allegation of fact, and not a mere conclusion.  We think the allegations of the petition, considered as a whole, were sufficiently definite, and set forth a cause of action, and that the court did not err in overruling the demurrer.                    *Judgment affirmed.*