9547. CHICKAMAUGA MANUFACTURING COMPANY *v.* AUGUSTA GROCERY COMPANY.

No binding contract for the manufacture and delivery of the goods specified in the defendant's order to the plaintiff is shown by the petition. Acceptance of the order in full is not shown by the allegation that the defendant "ordered out" a certain part of the goods "during the time specified" in said order." The court did not err in sustaining the demurrer and dismissing the petition.

DECIDED JANUARY 14, 1919.

Action on contract; from city court of Richmond county— Judge Black. February 8, 1918.

The petition alleges: "2d. That on the 12th day of March, 1912, defendant purchased of your petitioner 250 gross of Honest John Bluing at $2.75 per gross net, less the freight, to be delivered at Augusta, Georgia, by a written order, a copy of which said

order is hereto attached. . . [The attached order is for goods of the quantity and price named, "to be used as ordered within 12 mos. from date. . . 25 gross now."] 3d. That said 250 gross of Honest John Bluing were to be manufactured by plaintiff and put up under their particular brand in a special package for defendant, in accordance with defendant's instructions. 4th. That your petitioner was at all times prepared to deliver said 250 gross of Honest John Bluing to defendant at Augusta, Georgia, under the terms of said contract, at any time during the twelve months between the 12th day of March, 1912, and the 12th day of March, 1913. 5th. That defendant ordered out 45 gross of said 250 gross of bluing during the time specified in said written order, but refused to accept the remainder of said contract of 205 gross. 6th. That notwithstanding your petitioner had fully complied with the terms of the contract and stood ready and prepared to deliver said bluing under and in accordance with the terms and conditions of said order, defendant, without lawful warrant or authority, refused to accept the same, and notified your petitioner that it would not accept the 205 gross of Honest John Bluing. 7th. That your petitioner has been damaged in the sum of $194.75 by defendant's breaching its contract, in that the actual cost of manufacturing, crating, and delivering said 205 gross of bluing at Augusta was $1.80 per gross, leaving a net profit to your petitioner of 95 cents per gross on 205 gross. Wherefore your petitioner prays judgment for $194.75, and that process issue," etc.

The defendant demurred on the grounds: (1) No cause of action is stated. (2) The alleged contract is without consideration. (3) The alleged order appears not to have been accepted. (4) The alleged order is unilateral, wanting in mutuality, and not binding on the plaintiff, and consequently not binding on the defendant. (5) There are no sufficient allegations on which to base the alleged claim for damages. (6) The allegations do not show that the plaintiff is entitled to recover damages; and if any wrong was committed, it was without damage.

*P. C. O'Gorman, Charles G. Reynolds,* for plaintiff, cited: (On ground 1 of the demurrer) *Oklahoma Vinegar Co.* v. *Ford,* 116 *Ga.* 140; *Linder* v. *Cole Brothers Co.,* 10 *Ga. App.* 102; *Levy* v. *Bixler Co.,* 20 *Ga. App.* 766; *Rounsaville* v. *Leonard Mfg Co.,* 127 *Ga.* 735; Civil Code (1910), §§ 4246, 4242. (On grounds 3 and 4

of the demurrer) Civil Code, § 3222, par. 7; *Columbus Crate Co.* v. *Evans,* 130 *Ga.* 432; *Maine* v. *Howell,* 7 *Ga. App.* 311; 2 Elliott, Contracts, §§ 1332, 1319-20; Damon *v.* Osborn, 1 Pick. 476 (11 Am. Dec. 227); Garfield *v.* Adams, 96 U. S. 557; Gault *v.* Brown, 48 N. H. 183 (2 Am. R. 210); Towne *v.* Davis, 22 Atl. 450; Theilen *v.* Roth, 50 N. W. 183; Gabriel *v.* Kildare Elevator Co., 10 L. R. A. (N. S.) 638; *Linton* v. *Williams,* 25 *Ga.* 391, 394; 1 Gr. Ev., § 268; *Trigg Candy Co.* v. *Emmett Shaw Co..* 9 *Ga. App.* 358; *Luke* v. *Livingston,* 9 *Ga. App.* 116; *Capital City Brick Co.* v. *Atlantic Ice & Coal Co.,* 5 *Ga. App.* 436; *Groover* v. *Warfield,* 50 *Ga.* 645, 654; Justice *v.* Lang, 42 N. Y. 493 (1 Am. R. 576); Le Vine *v.* Whitehouse, 37 Utah, 260 (Ann. Cas. 1912C, 407); *Smith* v. *Jones,* 66 *Ga.* 338; Wemple *v.* Knopp, 15 Minn. 440 (2 Am. R. 147); Re Neff, 157 Fed. 57 (28 L. R. A. (N. S.) 349; Hodges *v.* Kowing, 7 L. R. A. 87; Lee *v.* Vaughn Seed Store, 141 S. W. 496 (37 L. R. A. (N. S.) 352; Flegel *v.* Dowling, 54 Oreg. 40 (19 A. & E. Ann. Cas. 1159, 2 L. R. A, (N. S.) 221; Ulsperger *v.* Meyer, 217 Ill. 262 (3 A. & E. Ann. Cas. 1032, and note, 1036); Bailey *v.* Leishman, 32 Utah, 123 (13 A. & E. Ann. Cas. 116, and note); Wharton *v.* Tolbert, 65 S. E. 1056; Beckwith *v.* Clark, 188 Fed. 171; Crutchfield *v.* Donathon, 49 Tex. 691 (30 Am. R. 112); Mizell *v.* Burnett, 69 Am. D. 744; Old Colony R. Corp. *v.* Evans, 60 Am. Dec. 394; 35 Cyc. 52, par. 3, 58, par. 6; *Strickland* v. *Jelks,* 18 *Ga. App.* 86; *Harris* v. *Amoskeag Lumber Co.,* 97 *Ga.* 465 (4) ; *Phillips* v. *Ocmulgee Mills,* 55 Ga. 634 (4); 9 Cyc. 257, 260; *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 661; *Bluthenthal* v. *Moore,* 106 *Ga.* 424 (2); *Anderson* v. *Hilton & Dodge Co.,* 121 *Ga.* 688; *Georgia Engineering &c. Co.* v. *Horton,* 135 *Ga.* 58 (1), and cit.; *Freeman* v. *Matthews,* 6 *Ga. App.* 164; *Ansley* v. *Hightower,* 120 *Ga.* 719 (3); *Allen* v. *Powell,* 125 *Ga.* 438 (1); *Crovatt* v. *Baker,* 130 *Ga.* 507. (On ground 5 of the demurrer) *Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483; *Cen. Ry. Co.* v. *Cooper,* 14 *Ga. App.* 738, 740; *United Roofing Co.* v. *Albany Mill Supply Co.,* 18 *Ga. App.* 184; 35 Cyc. 594-5, par. 2, 596. (On ground 6 of the demurrer) Gabriel *v.* Kildare Elevator Co., 10 L. R. A. (N. S.) 638. (In reply brief, as to acceptance) 35 Cyc. 52, 58; 6 R. C. L. 605, 686-7; 13 C. J. 339; *Brown* v. *Bowman,* 119 *Ga.* 153; *Robson* v. *Weil,* 142 *Ga.* 429, and cit.

*Callaway & Howard,* for defendant, cited cases cited in the following opinion, and *Simpson* v. *Sanders,* 130 *Ga.* 265; *Oliver Construction Co.* v. *Reeder,* 7 *Ga. App.* 276; *Cooley* v. *Moss,* 123 *Ga.* 707; *Mallet* v. *Watkins,* 132 *Ga.* 700 (1); *Glessner* v. *Longley,* 125 *Ga.* 673 (4); Civil Code (1910), §§ 4246, 4230, 4241, 4217; 13 Corpus Juris, 339-40-41.

WADE, C. J. This suit was for damages on account of a breach of an alleged contract. The defendant signed an order, directed to the plaintiff, for 250 gross of a certain commodity therein described, to be delivered by freight and "to be used as ordered within 12 mos. from date." The petition alleges that this commodity was to be manufactured by the plaintiff "and put up under their particular brand in a special package for the defendant, in accordance with defendant's instructions," and that the plaintiff "was at all times prepared to deliver said 250 gross of Honest John Bluing to defendant at Augusta, Georgia, under the terms of said contract, at any time during the 12 months between the 12th day of March, 1912 [the date of the order], and the 12th day of March, 1913." It is not, however, expressly alleged that this order was accepted by the plaintiff, either orally or in writing, or that the goods were ever manufactured in accordance with the terms of the order, or were ever tendered or delivered by the plaintiff; and it does not appear that the plaintiff ever expressly bound itself to manufacture and deliver the total quantity of 250 gross of the commodity ordered, in exact conformity with all the terms of the order as to price, time of shipment, etc. The unaccepted order did not itself constitute a valid contract, as it was wanting in mutuality until accepted, orally or in writing, or by the conduct of the parties, so as to bind both the prospective vendor and the vendee.

It is alleged that the "defendant ordered out 45 gross of said 250 gross of bluing during the time specified in said order, but refused to accept the remainder of said contract of 205 gross," and "notified your petitioner that it would not accept the 205 gross of Honest John Bluing." The statute of frauds was not involved in this case, and shipment of some of the commodity specified in the order, before the defendant directed that no further shipments be made, would not amount to such an acceptance of the *entire* order as would legally bind the plaintiff to ship the remainder of the

quantity therein specified and at the price, etc., therein named, it not even being alleged that the plaintiff advised the defendant or indicated to it in any manner, at the time this particular shipment was made or before the order for the remainder of the commodity was revoked, that the shipment was so made under the terms of the order. The shipment of some of the commodity ordered, without reference to its terms, could not of itself convert the mere order into a valid and binding mutual agreement between the parties. See, in this connection, *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998) ; *Waycross R. Co.* v. *Southern Pine Co.*, 115 *Ga.* 7 (41 S. E. 271) ; *McCaw Mfg. Co.* v. *Felder*, 115 *Ga.* 408, 411 (41 S. E. 664) ; *Harrison* v. *Wilson Lumber Co.*, 119 *Ga.* 6 (45 S. E. 730) ; *Sivell* v. *Hogan*, 119 *Ga.* 167 (46 S. E. 67) ; *Seaboard Air-Line Ry.* v. *Harris*, 121 *Ga.* 707 (49 S. E. 703) ; *Swindell* v. *First Nat. Bank*, 121 *Ga.* 714 (49 S. E. 673) ; *Simpson* v. *Sanders*, 130 *Ga.* 265 (60 S. E. 541) ; *Denton* v. *Butler*, 7 *Ga. App.* 267 (66 S. E. 810) ; *Trigg Candy Co.* v. *Emmett Shaw Co.*, 9 *Ga. App.* 358 (71 S. E. 679) ; *Martin* v. *Cox*, 13 *Ga. App.* 236 (79 S. E. 39) ; *Haynes Auto Co.* v. *Turner*, 18 *Ga. App.* 22 (88 S. E. 717).

The court did not err in sustaining the demurrer to the plaintiff's petition.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*