9855. HALL *et al., v.* ROBERTS, JOHNSON & RAND.

LUKE, J. The original plea of the defendants in this case was subject to special demurrer, but it contained enough to overcome an oral motion

in the nature of a general demurrer, and the court erred in striking it on oral motion, and in thereafter directing a verdict for the plaintiff.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED JANUARY 29, 1919.

Complaint; from Baker superior court—Judge Harrell. March 18, 1918.

Roberts, Johnson & Rand sued R. L. & W. H. Hall for $315.65 alleged to be due on an open account, and the defendants filed an answer at the appearance term. The answer, after admitting that the defendants were residents of the county, was as follows: "2. In answer to the allegation [of indebtedness] contained in paragraph 2 of said petition, defendants say that on the 11th of December, 1914, they paid to plaintiffs the sum of $81 for sixty pairs of shoes, described in stock of plaintiff as number 9321, which plaintiff refused to ship and at the same time converted the money so paid to them for said shoes to their own use without any warranty or authority whatever; that at the time the above-described shoes were paid for as above stated, defendants were in great need of these shoes in order to replenish their stock of shoes as well as to fill in their stock, which was badly in need of the numbers ordered, and which they were daily having calls from their customers for. Defendants say, had plaintiffs shipped said shoes so ordered and paid for, that they would have sold them immediately at a profit of not less than $35. 3. Defendants further show to the court that they were at that time and are still engaged in a general supply business, that their customers rely upon them to supply their general needs in the spring and summer while their crops are growing, and in the fall during harvesting time spend considerable cash in their store. Defendants say and allege that by reason of the plaintiff's failure to ship said shoes and to recklessly disregard all business dealings, many of their customers during the winter were forced to go elsewhere to supply their needs for shoes; that not having in stock the shoes so ordered, their customers went elsewhere not only to purchase shoes, to spend their money and purchase other articles of necessity, and that, by reason of this, defendants were damaged in the sum of $150. 4. Defendants further say in this behalf that the conduct of plaintiffs in this transaction was not within the scope of legitimate business dealings, was wilful, and was done for the purpose of injuring and damaging defendants, as they were advised that plaintiffs had the

shoes so bought and paid for in their stock at the time they received defendants' money, and offered no excuse for such wilful and wanton treatment except that it was Roberts, Johnson & Rand, a branch of the International Shoe Company, a corporation handing out the unkind, unfair, unjust, and iniquitous treatment. Wherefore defendants pray that the amount of damage herein set out and specified be set off against said indebtedness so claimed by said plaintiffs."

At the trial term the defendants, in a proposed amendment to their plea, denied that they were indebted to the plaintiffs as alleged. The court disallowed the amendment and struck the original plea, on oral motion of the defendants, on the ground that the plea was insufficient in law. The court then directed a verdict for the plaintiffs. To the judgment entered thereon and to the antecedent rulings stated the defendants excepted.

*W. I. Geer, Benton Odom,* for plaintiffs in error, cited: *Cason v. Armour Fertilizer Works,* 14 *Ga. App.* 208; *Wynn v. Wynn,* 109 *Ga.* 255.

*Peacock & Gardner,* contra, cited: *Coweta Falls Mfg. Co. v. Rogers,* 19 *Ga.* 416 (5); *Piedmont Wagon Co. v. Hudgens,* 4 *Ga. App.* 393; *Smith v. First Nat. Bank,* 115 *Ga.* 608(2); *Moss v. Anderson,* 10 *Ga. App.* 784.