## MAXWELL, administratrix, *v.* PERSONS.

Under the pleadings and the evidence in this case the court erred in granting a nonsuit.

No. 1790. August 14, 1920.

Equitable petition. Before Judge Gower. Ben Hill superior court. October 9, 1919.

*Eldridge Cutts* and *A. J. McDonald,* for plaintiff.

*J. B. Wall* and *D. E. Griffin,* for defendant.

HILL, J. C. C. Persons and R. A. Maxwell entered into the following written contract (omitting the formal part) :

"Witnesseth: That whereas C. C. Persons is the owner in his own right of a near-beer business located at No. 207 East Pine Street in the City of Fitzgerald, the business consisting of State and County license carrying with them the privilege of retailing near beer in said city for the year 1913, and the stock and fixtures now located at said place of business; and whereas R. A. Maxwell desires to become equally interested with him in the conduction of said business for this year : Now, therefore, in consideration of the mutual promises and undertakings hereinafter detailed, the said C. C. Persons sells to the said R. A. Maxwell a one-half undivided interest in said business, and the said R. A. Maxwell on his part agrees to devote his entire time and attention to the conduction of said business for the year 1913, and both parties hereto agree that all expenses, including the salaries of bartenders and clerks necessary to the conduction of said business, shall be first paid out of the gross receipts of the business, and after all the current expenses incurred in the business have been paid the net proceeds shall be equally divided between the said C. C. Persons and R. A. Maxwell. The expenses above enumerated are to include also the rent for the building in which the business is to be conducted."

The present suit was brought by Maxwell against Persons and one Johnson, to recover damages for the breach of the contract, and to enjoin the consummation of the sale of the property described in the contract by Persons to Johnson, and to prevent the latter from carrying on the business purchased from Persons. On the trial of the case, at the conclusion of the evidence for the plaintiff, the court, on motion, granted a nonsuit; and to this judgment of the court the plaintiff excepted. It is insisted that under the

evidence the damages which were alleged to have been sustained by Maxwell were so remote and speculative in their nature as to be incapable of ascertainment, and that there was no definite information in the evidence from which a jury could conclude as to what the profits the business would have been if it had been operated by Maxwell during the year 1913, nor what the expenses of operating the business were. The evidence for the plaintiff, in addition to the written contract, was mainly by one of the attorneys for Maxwell, who testified, among other things, that sometime after the filing of the present suit he heard Persons say that he had sold the business to Johnson for the sum of $3,500. Under the contract as set out above, we think that Maxwell bought and was entitled to one half of the business; and this being so, when Persons sold the business Maxwell would be entitled to recover one half of what the business was reasonably worth. Under the evidence adduced on the trial, Persons admitted having sold it for $3,500; and in the absence of evidence to the contrary, Maxwell would be entitled to recover at least one half of what Persons had received for the property, and it cannot be said under the above evidence that the damages are so speculative and remote as to be incapable of ascertainment. We think therefore that the court erred in granting a nonsuit.      *Judgment reversed. All the Justices concur.*