11826.    SOUTHERN WOOD PRESERVING CO. *v.* STRAIN.

STEPHENS, J. 1. A request to furnish goods upon certain terms as to price, time, and place of delivery, which is accepted by the party to whom it is directed, constitutes a valid contract containing an implied promise by the party making the request to accept and pay for the goods when delivered upon the terms named, and a promise by the party accepting the offer to make deliveries upon the terms named.

2. Where, in a suit upon a contract evidenced by a written memorandum (attached to the petition as an exhibit) which does not purport to be signed by the plaintiff, there is an allegation in the petition that the plaintiff was one of the parties to the contract, the petition sufficiently alleges that the contract was executed by the plaintiff.

3. The measure of damages for a breach of a contract of sale of personalty is the difference between the contract price and the market value at the agreed time and place for delivery. In a suit by the purchaser against the seller for a breach of a contract of sale of lumber, an allegation in the petition that the amount sued for represents the difference between the contract price "and the price which petitioner had to pay for the lumber" will be treated as an allegation that the amount sued for was the difference between the contract price and the market value.

4. The petition set out a cause of action, and was good against the general and special demurrers interposed. The trial judge erred in sustaining the demurrer to the petition.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED AUGUST 3, 1921.

Action for breach of contract; from Gordon superior court — Judge Tarver. August 3, 1920.

The Southern Wood Preserving Company sued E. E. Strain for breach of an alleged contract to furnish certain lumber to the plaintiff, which contract, the petition alleges, " is in the form of a written order placed by " said company with said Strain and accepted by him in writing. The writing constituting the alleged contract is as follows: " Southern Wood Preserving Company, Creosoting and Wood Block Paving. Order. Atlanta, Ga., 10-1-17. Placed with E. E. Strain, Hill City, Ga. Please furnish us the ·following material at prices stated below per M., f. o. b. cars Tunnel Hill, Ga., or other places equal or less frt. rate. Ship to Atlanta, Ga. Delivery start at once — complete sixty days. 10 cars [described], $16.50. Accepted 10/1/17. [Signed] E. E. Strain, J. N. Jones."

The petition alleges: " (5) Under said contract, said defendant, E. E. Strain, was to furnish petitioner ten carloads of lumber, which amount to 100,000 feet, of the kind and quality stated in Exhibit A, at the price of $16.50 per M. board feet. (6) Said defendant furnished to petitioner, on said order and acceptance thereof, only 7785 feet, leaving a balance due on the order of 92,215 feet of lumber. (7) Said defendant failed and refused to furnish said balance of 92,215 feet of lumber, and has breached and violated his said contract by such failure, and has continued to fail to comply with said contract although repeatedly requested by petitioner to comply therewith. (8) By reason of said defendant's failure to furnish said balance of 92,215 feet of lumber, petitioner was forced to purchase other lumber to take the place of lumber which defendant agreed to furnish petitioner. (9) In rebuying said lumber, which was made necessary by failure of said defendant to fill his said contract, petitioner was forced to buy 92,215 feet of lumber at an advance of $8.50 per. M. board feet; said 92,215 feet of lumber costing petitioner $783.83 over and above the purchase-price from defendant, which is the actual loss sustained by petitioner by reason of defendant's breach of and failure to carry out the terms of said contract and to furnish said lumber. (10) By reason of said breach and failure, petitioner sustained an actual loss and damage of $783.83 principal, on which petitioner is entitled to interest at 7% per annum from December 10th, 1917. (11) Petitioner further shows that defendant knew that petitioner was engaged in the

manufacture of lumber in various forms and kinds of material for sale for use in the commercial and industrial world, and knew said lumber was purchased by petitioner for such use and for such purpose. (12) When defendant failed and refused to perform his said contract with petitioner and failed and refused to deliver balance of said lumber, petitioner was thereby compelled to buy other lumber to take its place, and to fill orders which petitioner had accepted for material, which orders could only be filled by petitioner by rebuying lumber, which defendant had failed to deliver. Petitioner did so buy, using all diligence in the purchase thereof. (13) Said sum of $783.83, herein sued for, represents and is the difference between the contract price at which defendant agreed to furnish said lumber to petitioner, and the price which petitioner had to pay for the lumber petitioner was forced by defendant's breach of said contract to buy to take the place of the lumber which defendant had contracted and agreed to furnish, but failed to furnish." Judgment for $783.83 and interest is prayed for.

The demurrer was on the following grounds: " (1) Because under the facts alleged plaintiff is not entitled to recover. (2) Because no cause of action is alleged against defendant in plaintiff's petition. (3) Because the contract sued upon is unilateral, wanting in mutuality, in that plaintiff does not agree to receive and pay for the lumber when delivered as per the contract. (4) Because the measure of damages under the contract as sued for is not recoverable; the measure of damages under the facts alleged being the difference between the contract price and the market price at the time and place of delivery on the date of the breach of contract. And the damages sued for cannot be measured by profits of a contract of resale, in the absence of an allegation that the seller, that is the defendant, at the time of making the contract of sale had notice of such contract of resale; that is, that plaintiff had purchased the lumber for the purpose of filling contracts made on the date of the making of the contract sued upon. (5) Because, under the facts as alleged, plaintiff was not authorized to go into the market and buy lumber and charge defendant with the price thereof, in the absence of an allegation that defendant knew, at the time of making of the alleged contract, that plaintiff had sold the lumber, the prices for

which plaintiff had sold it, and to whom plaintiff had sold it, and the profit plaintiff would realize by the sale of the lumber. In the absence of such allegations the measure of plaintiff's damages would be the difference in the contract price and the market price at the time and place of delivery when the contract was breached. (6) Defendant demurs specially to paragraph seven of plaintiff's petition, because the date defendant is alleged to have failed and refused to furnish the balance of said lumber is not alleged; nor is the date alleged that plaintiff requested defendant to comply therewith; the allegations of this paragraph being mere conclusions. The facts with reference to what is attempted to be alleged should be given. (7) Defendant demurs specially to paragraph eight of plaintiff's petition, because what is therein attempted to be alleged is a mere conclusion. (8) Defendant demurs specially to paragraph nine of plaintiff's petition, because it is not alleged from whom plaintiff purchased said lumber, the time it was purchased; and because the facts as alleged incorrectly state the measure of damages plaintiff can recover, if anything. (9) Defendant demurs specially to paragraph ten of plaintiff's petition, because what is attempted to be alleged are mere conclusions. The facts with reference to what is alleged should be stated. (10) Defendant demurs specially to paragraph twelve of plaintiff's petition, because the date when defendant failed and refused to perform the alleged contract is not alleged. The date when defendant failed and refused to deliver the balance of said lumber is not alleged. It is not alleged where and from whom and the date petitioner purchased other lumber to take the place of that alleged to have been purchased from defendant. Nor is it alleged from whom petitioner had taken orders, from whom orders had been accepted, the date of such orders, the amounts thereof. Nor is it alleged why plaintiff could not fill said orders without rebuying lumber. The facts attempted to be alleged in this paragraph being mere conclusions. (11) Defendant demurs specially to paragraph thirteen of plaintiff's petition, because what is alleged therein are mere conclusions. It is not alleged in this paragraph, or elsewhere in the petition, from whom petitioner bought said alleged lumber, the date it was bought, the amount bought from each party, if there was more than one. The facts with reference thereto should be

definitely and specifically alleged, so as to put the defendant upon his defense."

*E. V. Carter,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.