### 12727. LOWE *et al. v.* WOODSON.

The contract set out in the petition was not " so wanting in mutuality as to be unenforceable against the defendant," nor so indefinite and uncertain as to be unenforceable; and the court erred in sustaining the general demurrer and dismissing the petition.

DECIDED MARCH 7, 1922.

Action on contract; from Upson superior court — Judge Searcy. June 24, 1921.

The contract set out in the petition was as follows:

" May 14, 1917. I hereby agree to sell the Pynetree Manufacturing Company, of Atlanta, Georgia, twenty-five cars (25) 6-8-10 & 12 dry boards four-quarters thick, at ten dollars, f. o. b. Crest, Georgia, complete in ninety (90) days. (Signed) J. J. Woodson."

" Crest, Georgia."

" Accepted. Pynetree Manufacturing Co., R. E. Plowden."

The petition as amended alleges, that J. J. Woodson is indebted to the petitioners, E. E. Lowe and R. E. Plowden, a partnership doing business under the name of Pynetree Manufacturing Company, of Atlanta, Georgia, in the sum of $2,387.98, by reason of the following facts: On May 14, 1917, the petitioners entered into a contract with said Woodson (set out as above). (Paragraph 3) Said Woodson has delivered to them on said contract only one car, containing 1038 feet of lumber; and petitioners paid him therefor the contract price, $103.80. (Paragraph 4) Said Woodson, after delivering the said car of lumber, fails and refuses to make any other or further deliveries of said lumber as he contracted to do, and has thereby breached his said contract, and has by the said breach of his said contract injured and damaged petitioners in the sum of $2,387.98, the amount aforesaid, being the difference in the contract price and the market price at the time and place of delivery for the amount of lumber which defendant failed to deliver under his said contract. (Paragraph 5) The market price for the lumber called for by the contract was $21 per 1,000 feet at the time and place of delivery, and the said Woodson is due the petitioners the difference between that price and the contract price, which is $10 per 1,000 feet.

The defendant demurred on the grounds: (1) No cause of action is stated. (2) The alleged contract is unilateral, and therefore unenforceable against the defendant. (3) It is so wanting in mutuality as to be unenforceable against the defendant, because under its terms there is no obligation on the part of the plaintiff to purchase the lumber even if offered to the plaintiff. (4) It is only an option to sell on the part of the defendant, and, in the absence of any allegation that the plaintiff elected to exercise the option and purchase the lumber before the expiration of the option, the plaintiff could not recover damages for a failure to sell the lumber. (5) The contract as written is so indefinite and uncertain as to be unenforceable. Paragraph 3 of the petition was demurred to on the ground that it is not alleged when the car of lumber was delivered, whether before or after the time in which all the lumber was to be delivered according to the alleged contract, because if the said writing is only an option, delivery of the car of lumber after expiration of the time would not continue the option in force. Paragraphs 4 and 5, which before amendment

did not state the market price of the lumber at the time and place for delivery, were demurred to because of this omission. The judgment of the trial judge was as follows: "In view of the amendment allowed, the grounds of the special demurrer are overruled; and the general demurrers are sustained and the case dismissed."

*Redding & Lester,* for plaintiff.   *J. R. Davis,* for defendant.

LUKE, J.   The question raised in this case is settled in principle by the decision in the case of *Southern Wood Preserving Co.* v. *Strain,* 27 *Ga. App.* 332 (108 S. E. 251). It was error to sustain the general demurrer to the petition.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*