17618. RALSTON PURINA COMPANY v. ARTHUR.

STEPHENS, J. 1. Where a written instrument purporting to be a contract of sale was entered into between the Ralston Purina Company, through its sales agent, and the purchaser, which instrument by its terms provided that the agreement should become effective only when acknowledged in writing by an officer of the company, a letter from the company to the purchaser, containing an acknowledgment or acceptance of the agreement, but which was signed by the company's sales manager, who was in fact not an officer of the company, was not sufficient to constitute an acceptance by an officer of the company, under the terms of the agreement. *Weems* v. *Albert Pick & Co.,* 33 *Ga. App.* 579 (127 S. E. 819).

Evidence, 22 C. J. p. 636, n. 66.
Sales, 35 Cyc. p. 52, n. 41; p. 55, n. 53; p. 86, n. 26.
Trial, 38 Cyc. p. 1565, n. 84.

2. Where the sales manager has no authority whatsoever in behalf of the company to enter into contracts of sale binding upon the company or to waive any of the provisions of a contract of sale, a letter signed by him is insufficient as a waiver by the company of the provision in the contract requiring acceptance by an officer of the company before the contract should become effective.

3. Where a writing in the form of a contract of sale, containing the provision that it shall become effective only when acknowledged in writing by an officer of the company, is never in fact acknowledged by an officer of the company, and this provision in the contract is not waived by the company, it amounts only to an offer to purchase on the part of the purchaser.

4. Where the offer on the part of the purchaser to the seller is for the purchase of a number of sacks of commodities to be used as cow-feed and chicken-feed, a shipment by the seller to the purchaser of a part of the goods ordered does not amount to an acceptance of the purchaser's offer to purchase all the goods contained in the offer, but amounts to an acceptance of the offer pro tanto only to the extent of the goods shipped. *Chickamauga Mfg. Co.* v. *Augusta Grocery Co.*, 23 *Ga. App.* 163 (98 S. E. 114) ; *Weems* v. *Albert Pick & Co.*, supra.

5. Statements by the purchaser from time to time, whether to the seller or not, or in his testimony delivered upon the stand, that the purchaser had a contract with the seller, amount to no more than the purchaser's opinion at the time as to the legal effect of the alleged contract. Such statements have no probative value whatsoever, when taken in connection with the undisputed evidence, as tending to establish any contractual relationship between the parties.

6. In a suit by the seller against the purchaser to recover from the defendant damages for an alleged breach of the contract by reason of the defendant's refusal to accept from the plaintiff the remainder of the goods not shipped, where it did not appear from the evidence that any officer of the seller acknowledged the contract, or that any one having authority from the seller to make contracts of sale acknowledged the contract or waived the provision as to acknowledgment by an officer of the seller, and where it did not appear that the seller in any wise accepted the purchaser's offer to purchase the goods not shipped, the evidence failed to authorize a verdict for the plaintiff, but as a matter of law demanded a verdict for the defendant. The court therefore did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1927.

Action for breach of contract; from city court of Albany— Judge Clayton Jones. July 30, 1926.

*S. B. Lippitt,* for plaintiff.

*Milner & Farkas, R. L. Dawson,* for defendant.