## 23532.  Atlanta Plow Company *v.* Bennett.

Stephens, J.  1. Where· an offer for the purchase of goods calls for the shipment of the goods in installments, a shipment of a portion only of the goods in an installment by the offeree to the offeror, as called for in the offer, amounts to an acceptance of the entire offer.  55 C. J. 95. In the following· cases in which it is held that a shipment of a portion of the goods ordered is not an acceptance of the entire offer, but an acceptance pro tanto, the offer did not call for shipments in installments. *Chickamauga Manufacturing Co.* v. *Augusta Grocery Co.*, 23 *Ga. App.* 163 (98 S. E. 114); *Board of School Commissioners* v. *Tuggle*, 33 *Ga. App.* 689 (127 S. E. 622); *Ralston Purina Co.* v. *Arthur*, 37 *Ga. App.* 198 (139 S. E. 366).

2. Where the offer calls for the shipment of lumber at the rate of one car per month, a shipment of two carloads of the lumber on instructions from the offeror, and the acceptance of the lumber by him, constitutes an acceptance by the offeree of the entire offer.  The acceptance of the offer constitutes a ·contract between the parties.

3. An order to ship goods of a certain description is an offer to buy the described goods upon the terms stipulated in the offer, and where the person to whom the order is transmitted "accepts" the order, a contract thereby arises between the parties, and the person "accepting" the order thereby becomes bound to ship the goods under the terms stipulated therein.  *Southern Wood Preserving Co.* v. *Strain*, 27 *Ga. App.* 332 (108 S. E. 251); *Lowe* v. *Woodson*, 28 *Ga. App.* 290 (111 S. E. 582).

4. Where a petition alleged, that the plaintiff and the defendant "entered into a written contract" for the purchase by the defendant of a designated number of feet of lumber of a certain description, size, and price, etc., to be shipped in designated quantities and at times stipulated, that these provisions were contained in a written order which the plaintiff "accepted," that the plaintiff shipped a portion of the lumber in accordance with the agreement between the plaintiff and the defendant, and the defendant accepted the same, that the defendant afterwards requested the plaintiff to cancel the order, which the plaintiff refused to do, and the defendant refused to accept any further shipments and deliveries of lumber from the plaintiff, that the plaintiff offered to make further shipments and deliveries to the defendant in accordance with the contract, that the plaintiff had purchased at designated prices the lumber required to fill the orders necessary to complete the contract, that by reason of the defendant's breach of the contract in failing to accept further shipments and deliveries of lumber, the plaintiff was damaged in a certain sum as representing the difference between what he paid for the lumber and the contract price, viz., his loss of profits on the sale of the unshipped lumber, the petition set out a cause of action and was good against a demurrer upon the ground that the alleged contract was "unilateral and unenforceable" and "not binding on the defendant," and that the damages sought to be recovered were "too remote, speculative, and consequential to be the basis of recovery."

5. Assuming, without holding, that, as contended by the defendant, the measure of the plaintiff's damage, under the allegations in the petition,

is the difference between the contract price and the market value of the lumber at the time and place for delivery, and is not the difference between the contract price and the price at which the plaintiff had as alleged purchased or contracted to purchase the lumber, damages measured by the latter standard are not such damages for the alleged breach of the contract as are, in the language of the demurrer, "too remote, speculative, and consequential to be the basis of recovery."

6. A defect in the petition, in that the wrong measure of damage is set out, can be reached only by special demurrer.

7. Evidence tending to show that the defendant refused to accept further deliveries of lumber from the plaintiff because the defendant could obtain lumber elsewhere at a less price than that at which he had contracted with the plaintiff, was relevant as tending to show that the defendant's act in refusing to accept further deliveries under the contract was not upon the ground that the plaintiff had breached the contract as alleged by delivering inferior lumber not in accordance with the specifications of the contract, but that the defendant in refusing to accept further deliveries breached the contract. The evidence was properly admitted.

8. Where the defense filed by the defendant was that he was relieved of the obligation to accept further deliveries under the contract, because the lumber delivered to the defendant was defective in that it was "bad, sour, and wormy," and, for this reason, was rejected by the defendant, but where there was evidence in behalf of the plaintiff that the lumber delivered was not defective as contended by the defendant, but in every way met the requirements of the contract, and there was evidence to sustain the other allegations of the petition, the verdict for the plaintiff was authorized.

9. There being no grounds of demurrer other than as above indicated, and the only grounds of the motion for a new trial insisted upon being the general grounds, the court did not err in overruling the demurrer to the petition and in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 27, 1934.

*Will Gunn,* for plaintiff in error.

*Smith, Smith & Bloodworth, Jones, Johnston, Russell & Sparks, R. E. Lee Field,* contra.