### 32142. ANAGNOSTIS v. ALEXANDROU.

DECIDED OCTOBER 2, 1948.

*Candler, Cox & McClain,* for plaintiff.

*Walter A. Sims,* for defendant.

SUTTON, C. J.   (After stating the foregoing facts.)   ■   The order and judgment on the original petition, in so far as it gave the plaintiff a ten-day period in which to amend, adjudicates that

the petition may be amended, and, as there is no exception to this order, and the plaintiff amended within the ten-day period, this court can consider the case only as presented by the amended petition.

■ While the plaintiff alleges only an offer to perform, and does not allege a tender of any money, he further alleges a refusal of this offer by the defendant, coupled with an affirmative statement by the defendant of the terms and conditions upon which the defendant would sell the plaintiff a one-half interest in the two businesses, i. e., that the defendant stated he would perform only upon the payment of $25,000, plus the cost of one-half of the stock and merchandise. As shown by the petition and the facts stated therein, this amount is in excess of the amount which the plaintiff is required to offer the defendant under the terms of the contract, and a tender of the correct amount of money as shown by the alleged facts of the petition was waived by the defendant. See Code, §§ 20-1104, 20-1105; *Arnold* v. *Empire Mutual Annuity & Life Ins. Co.*, 3 *Ga. App.* 685(5) (60 S. E. 470); *Ansley* v. *Hightower*, 120 *Ga.* 719(4) (48 S. E. 197); *Groover* v. *Brandon*, 200 *Ga.* 153(5) (36 S. E. 2d, 84).

■ Applying the alleged facts as shown in the petition to the terms of the contract, and assuming under these facts that the market value of a one-half interest in the businesses on the dates when the plaintiff offered to exercise his option under the contract was $25,000, rather than $25,000, plus one-half of the cost of the stock and merchandise as was actually alleged, as the only addition in stock or fixtures was a refrigerator worth $500, the plaintiff was entitled to buy this one-half interest worth $25,000 for $4500 plus one-half the value of the refrigerator, $250, a total of $4750. This difference, $20,250, being the difference in the market value and the contract price of the one-half interest at the time of the breach of the contract, is the measure of damages in this action by the vendee against the vendor for the breach of the contract to sell a one-half interest in the two businesses. *Piedmont Wagon Co.* v. *Hudgens*, 4 *Ga. App.* 393(1) (61 S. E. 835); *Trigg Candy Co.* v. *Emmett Shaw Co.*, 9 *Ga. App.* 358, 360(3) (71 S. E. 679); *Southern Cotton Oil Co.* v. *Adams*, 69 *Ga. App.* 88 (24 S. E. 719); *Maxwell v. Persons*, 150 *Ga.* 339 (103 S. E. 816). Assuming, however, that the market value of

a one-half interest is as alleged, $25,000 plus one-half of the cost of the stock and merchandise, if the cost value of the stock and merchandise was $3712, this amount being the stipulated value at the time of the sale of the plaintiff's interest in the businesses, the $4750 which the alleged facts show that the plaintiff must pay to buy back his one-half interest in the businesses would include a one-half interest in this stock and merchandise, and the plaintiff's damages are thus actually in excess of the $20,250 sought, to the extent of one-half of the value of such stock and merchandise, which has a total cost value not in excess of $3712, but a failure to make a claim for this additional amount by the plaintiff is of benefit only to the defendant, and would not affect the plaintiff's claim for damages as shown by the petition. The alleged facts show that, at the time of the offer of the plaintiff and refusal by the defendant to carry out the terms of the contract, the stock and merchandise did not exceed $3712 in cost value.

The controlling question before this court is whether the amended petition states a cause of action. As heretofore shown, the petition shows a contract between the plaintiff and the defendant, breach thereof by the defendant, and damage to the plaintiff. This presents a cause of action, and the court erred in sustaining the general demurrer to the amended petition and in dismissing the petition.

*Judgment reversed. Felton and Parker, JJ., concur.*