## ALLEN *v.* GATES *et al.*

1. If suit is brought by the sole heir at law or all of the heirs at law of a decedent, who is alleged to have been the owner in fee, at the time of his death, of the land in controversy, attacking the validity of a tax sale, and also claiming the right to redeem, it is not necessary to allege that the decedent died intestate.

(*a*) The petition was not subject to the general grounds of demurrer setting up, in effect, that it set out no cause of action.

2. In such a petition a general allegation that the plaintiffs were the sole heirs of the decedent was subject to a ground of demurrer which raised the point that this did not set out facts showing that the plaintiffs were all of the heirs of the decedent, and that a general allegation of sole heirship was not sufficient.

3. A widow not being unconditionally an heir of her husband, but having the right to elect to take dower or a child's part, in a suit of the character indicated in the preceding headnotes it was not necessary to allege that the decedent left no widow.

4. If a petition alleges that a diagram is attached, but none is in fact attached, on special demurrer raising this point one should be attached, or the allegation should be stricken.

5. On special demurrer the date of the levy and of the advertisement, which was alleged not to have been actually made until "about a week" after the first advertisement appeared, should have been set out. When called upon to do so by special demurrer, the date of every traversable fact, unless some sufficient reason to the contrary is shown, should be stated. *Warren v. Powell,* 122 *Ga.* 4 (49 S. E. 730).

6. It being alleged that the defendant purchased the property from the purchaser at a tax sale, which was attacked as invalid, it was not demurrable to allege that he was an alderman of the town and that with knowledge of the facts he did any acts which brought about the sale so

attacked, or aided in so doing; but a mere general allegation that he was an alderman and "instigated the sale of said property" was too general to withstand a special demurrer.

7. The allegation that within one year after a tax sale the plaintiff tendered to one who had taken title under the purchaser at the tax sale "the amount of the purchase-price of the property at the sale, plus ten per cent. interest thereon from date," was subject to special demurrer on the ground that it did not show the amount of the purchase-price or of the tender.

(a) So also an allegation that as a matter of fact the tender was of almost double the amount of the purchase-price was subject to special demurrer on the ground that it did not show the amount of such tender.

(b) An allegation that the person to whom the tender was made refused it and stated that it was unnecessary to make any further tender of any kind, as he would not surrender the property save at the end of litigation, was sufficient to show a waiver of further tender, but did not supply the deficiencies in the allegations that there had been an actual tender of amounts, alleged in an indefinite way, the plaintiffs relying on actual tender as well as waiver.

8. A tender after the time allowed by law for redemption under a tax sale is without efficacy, and an allegation thereof should have been stricken on demurrer. *Montford* v. *Allen*, 111 *Ga.* 18, 24 (36 S. E. 305).

AUGUST 18, 1916.

Equitable petition.  Before Judge Charlton.  Chatham superior court.  February 13, 1915.

H. L. Gates and others filed an equitable petition against C. J. Allen.  They alleged, in brief, as follows:  They are the sole heirs of Thomas R. Gates, deceased, and as such own in common all of the right, title, and interest in a certain lot in the town of Pooler, as will appear more fully from an exhibit attached to the petition. At the time of his death he owned the lot in fee.  During the years 1908, 1909, and 1910, the taxes due to the town were not paid, amounting to $8.25.  The town undertook to levy an execution on the lot, treating it as "unknown wild land," and proceeded to advertise it for ninety days prior to the sale on January 2, 1912. As a matter of fact the levy was not made until about a week after the first advertisement appeared, and therefore the sale was void, and the purchaser acquired no title.  At the time of the sale the defendant was an alderman of the town of Pooler, and "instigated the sale of said property, he being fully aware of all the facts and details in regard to the levy and advertisement."  The property was bid off by some one who took a deed in the name of Annie M. Webster, who later conveyed the lot to the defendant.

In December, 1912, within one year from the sale, the plaintiffs tendered to the defendant "the amount paid by the purchaser at the said sale for the land, plus ten per cent. premium thereon from the date thereof; in fact the tender was in an amount almost double the purchase-price at the sale;" but the defendant refused the tender, and stated that it was unnecessary to make any further tender of any kind, as nothing would get the property "but a good lawsuit;" and he failed to allow them to redeem. On or about October 23, 1914, the plaintiffs tendered to defendant in cash the amount paid for the property, plus interest thereon at the rate of twenty per cent. per annum, but this was refused. The tenders are "continuous." They pray, that the land be decreed to be redeemed; that the deeds from the town marshal to Annie M. Webster and from her to the defendant be canceled as a cloud on the title of the plaintiffs; that the defendant be required to execute a quitclaim deed to the plaintiffs; that the title be decreed to be in them; and for process.

Exhibit A attached to the petition recited a conveyance from L. J. Collins to T. L. Jones in 1889, from Jones to H. L. Gates in 1893, and from H. L. Gates to Thos. R. Gates in 1895. It then recited the death of Thos. R. Gates in 1896 at St. Augustine, Fla., and, after the word "heirs," set out the names of the plaintiffs. It then contained the statement that there was no administration and no debt.

A demurrer to this petition, on numerous grounds, was overruled, and the defendant excepted.

*W. M. Farr,* for plaintiff in error.  *Twiggs & Gazan,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

There is no presumption that a deceased person died leaving a will which disturbed the ordinary course of descent of land. One who relies on that fact for recovery or defense carries the burden of establishing it. *Miller* v. *Speight,* 61 *Ga.* 460 (2), 462. If the allegations of the petition sufficiently showed that the plaintiffs were all of the heirs at law of the deceased owner of the lot, it was not necessary for them to allege and prove intestacy of their father. If there was a will which prevented their inheriting, that might be set up as a defense. There was also a claim of right to redeem the land under a tax sale. Civil Code (1910), §§ 880, 1173. The petition was not subject to the general grounds of demurrer that it set out no cause of action.

There is no presumption as to what heirs a decedent left. If particular persons rely on descent to them in order to recover land, they must allege and prove, not only that the decedent was the father of the plaintiffs, but facts showing that there were no other persons entitled to share with them as heirs, so that they would be the sole heirs and entitled to recover the whole interest, or else how many were entitled to share with them, so that the interest which they could recover can be identified. This is the rule in actions at law to recover land. Powell on Actions for Land, § 280, and citations. Where the plaintiffs invoke the equitable power, claiming to be the owners of the land as heirs of a decedent, attacking a tax sale thereof as void, and praying that it be canceled as a cloud on their title and that the title be decreed to be in them, the rule of pleading requiring them to make allegations of fact showing that they inherited the entire title, or what interest passed to them by inheritance, is the same. It is not enough, as against a demurrer specially raising the point, to allege in general terms that the plaintiffs are all of the heirs, or to refer to the decedent as their father. This does not suffice to show that the decedent left no other children, or persons standing in the place of deceased children.

A widow is not unconditionally and in all events an heir of her deceased husband. She may elect to take a dower or a child's part. There is no presumption, in the absence of any direct or inferential evidence on the subject, that she elected to take a child's part; and in a suit by children of the decedent, as his heirs, to recover land owned by him at his death, it is not necessary to allege that he left no widow, or, if he left one, that she did not take a child's part.

There was an allegation, perhaps informally made in the exhibit to the petition, that there were no debts and no administration, which was sufficient to comply with the ruling in *Greenfield* v. *McIntyre*, 112 *Ga.* 691 (38 S. E. 44).

Some of the grounds of the demurrer are sufficiently dealt with in the headnotes. Except as indicated, there was no error in overruling the grounds of the demurrer.

*Judgment reversed. All the Justices concur.*