## HARRIS *et al.* v. SHELTON *et al.*

Under the allegations of the petition the plaintiffs were not entitled to
the relief sought; and the court did not err in dismissing the action on
general demurrer.

No. 2174. JUNE 17, 1921.

Equitable petition. Before Judge Tarver. Murray superior
court. July 24, 1920.

Miss Sybil Harris, Mrs. Etta Phillips (formerly Etta Harris),
and Mrs. Mattie Henry (formerly Miss Mattie Harris), filed an
equitable petition against F. W. Shelton, F. W. Shelton as guard-
ian for Wilford Shelton and Mrs. Alline John Shelton (his chil-
dren by a second marriage), and S. T. Harris as administrator of
the estate of Miss Mattie Shelton, deceased. In substance the
petition alleged, that F. W. Shelton (at a time not stated) mar-
ried Miss Clara Harris; that within a month or two after the mar-
riage a daughter, Mattie Shelton, was born to Mrs. Clara Harris
Shelton; that F. W. Shelton was not the father of said child;

that he so declared immediately after her birth; that he practically deserted the child and mother; that the mother, twenty-one months after the marriage, died; that S. H. Harris, the grandfather of Mattie Shelton, bequeathed and devised to her certain personal and certain real property, of the value of ten thousand dollars or other sum; that on August 27, 1918, Mattie Shelton died intestate, being about twenty-three years of age; that S. T. Harris was appointed and qualified as the administrator of her estate; that as such administrator S. T. Harris did, on the first Tuesday in June, 1919, after due and legal advertisement, sell the land devised to Mattie Shelton by the will of her grandfather, and the same was bid off by F. W. Shelton (who had taken possession of the personalty) for the sum of $6700; that no money was paid by F. W. Shelton to the administrator, but the administrator executed and delivered to him a deed to said land; that F. W. Shelton fraudulently concealed from the administrator the fact that he was not the father of Mattie Shelton and that neither he nor his children were entitled to inherit from her; and that he likewise concealed said fact from the plaintiffs in the case. The 13th paragraph of the petition is as follows: " Petitioners show that S. H. Harris and wife [the grandfather and grandmother of Mattie Shelton] had three children, Mollie, Clara, and Tom Harris. Mollie is now Mrs. Mollie Henry. Tom died leaving two children, who are now Sybil Harris, and Mrs. Etta Phillips." In the 14th paragraph it is alleged that " plaintiffs are the legal heirs of Mattie Shelton and should inherit her entire estate." It is further alleged that the property, real and personal, of Mattie Shelton descended directly to plaintiffs, there being no debts, and no necessity for the appointment of an administrator on her estate. Finally it is alleged that F. W. Shelton and his two children are insolvent. The prayers of the petition are, (1) that the deed from S. T. Harris, administrator of Mattie Harris, be delivered into court and canceled; (2) that F. W. Shelton be declared not to be the father of Mattie Shelton, that Mattie Shelton be declared to be an illegitimate child; (3) that F. W. Shelton and his two minor children be declared not to be heirs of Mattie Shelton; (4) that plaintiffs be declared to be the only legal heirs of said estate, both real and personal; (5) that S. T. Harris, the administrator of Mattie Shelton, be directed to deliver said estate to them; and (6) for general relief

and process. To the petition the defendants demurred generally and specially. The demurrers were sustained, and the petition dismissed. The plaintiffs excepted.

*C. N. King, W. E. Mann,* and *W. G. Mann,* for plaintiff.

*H. H. Anderson* and *Maddox, McCamy & Shumate,* for defendants.

GEORGE, J. (After stating the foregoing facts.) The first ground of the demurrer to the petition is as follows: "Because, under the facts as alleged, the plaintiffs are not entitled to recover, no sufficient facts being alleged to show a cause of action in the plaintiffs." It will be noted that the plaintiffs seek to recover the real and personal property devised and bequeathed by S. H. Harris to Mattie Shelton, his granddaughter. The plaintiffs describe themselves as the children and grandchildren of S. H. Harris. The petition does not unequivocally allege that the plaintiffs were the only children and grandchildren of S. H. Harris. It is alleged that S. H. Harris and wife had three children, and three children are named in the petition. It is also alleged that plaintiffs are the legal heirs of Mattie Shelton, "and should inherit her entire estate." It is not alleged that the plaintiffs are the only heirs at law of Mattie Shelton. It is clear from the petition that S. H. Harris had at least one other child, to wit, Mrs. Clara Harris Shelton, the mother of Mattie Shelton, whose estate is involved in this litigation. See *Allen* v. *Gates,* 145 *Ga.* 652 (2), 655 (89 S. E. 821). But if it be conceded that the allegations of fact are sufficient to show that the plaintiffs are the only heirs at law of Mattie Shelton, we are of the opinion that the petition was properly dismissed on general demurrer. It is not alleged that S. T. Harris, the administrator of Mattie Shelton, was guilty of any fraud. On the contrary, the petition discloses that S. T. Harris, in making application to the court of ordinary for letters of administration upon Mattie Shelton's estate, acted in good faith. He sold the land belonging to her estate at the court-house door, within the legal hours of sale, and after due advertisement. The lands were knocked off to F. W. Shelton, the highest bidder. It is not charged that S. T. Harris knew that F. W. Shelton was not the father of Mattie Shelton, or that he was acting in collusion with F. W. Shelton, or that he had refused to bring suit against F. W. Shelton for the recovery of the land or personal property, or that he had

consented to the suit by the heirs. So far as is alleged, S. T. Harris was the regularly appointed administrator of Mattie Shelton's estate. He gave bond as such administrator. Neither he nor his bondsmen are alleged to be insolvent. The sale of the real estate was regular in all respects. The bid of F. W. Shelton represented the full value of the land conveyed to him by the administrator. In these circumstances the petition does not set forth a cause of action for the cancellation of the administrator's deed, and for the recovery of the land with mesne profits, or for the personalty, as prayed in the petition. In the absence of any allegation of fraud, the facts alleged do not authorize a court to vacate the order appointing S. T. Harris administrator of the estate of Mattie Shelton. If the facts alleged were sufficient to authorize the court to set aside the judgment of the court of ordinary appointing S. T. Harris administrator of the estate of Mattie Shelton, the judgment of that court is not subject to collateral attack. No right in the heirs to recover the personalty is shown. There are other defects in the petition; but for the reasons indicated above the petition was properly dismissed, and the judgment sustaining the demurrer must be affirmed.

The right of plaintiffs to bring in question the paternity of Mattie Shelton in a proper proceeding is not denied. The presumption of legitimacy of children born in wedlock can be overcome by clear and convincing proof, the common-law doctrine not being of force in Georgia. See Civil Code (1910), § 3012. The paternity of Mattie Shelton is only incidentally involved in the present suit; and since plaintiffs can not recover, under the allegations of the petition, the petition will not be retained merely for the purpose of adjudicating the question incidentally involved, to wit, the paternity of Mattie Shelton.

*Judgment affirmed. All the Justices concur.*