*E. E. Cox* and *R. L. Cox,* contra.

---

## COTTINGHAM *v.* COTTINGHAM.

ATKINSON, J. 1. The demurrer to the 5th paragraph of the petition was not a general demurrer, as contended in the brief of the attorneys for the plaintiff in error, but was a special demurrer eliciting further information with reference to the matters therein stated. The allegations were demurrable on the grounds taken, and the judge did not err in sustaining the demurrer to that paragraph of the petition.

2. The demurrer to the 6th paragraph of the petition was also a special demurrer, and the judge did not err in sustaining so much of it as complained that there was no allegation as to the time when the adultery occurred (*Allen* v. *Gates*, 145 *Ga.* 652 (5), 89 S. E. 821); but so much of the demurrer as complained of failure to allege the names of the persons with whom the adulteries were practiced was without merit, there being an allegation that the names were unknown and could not be specifically stated.

3. The judge overruled the general demurrer to the petition after it was amended. The demurrer did not anywhere urge the judgment in the former action as a bar, though some reference was made to the former suit in the special demurrer to the 6th paragraph of the petition, which related to the ground of adultery. The question of res adjudicata was raised only by the plea, and was a matter to be disposed of by the verdict of a jury. Whatever might be the right of the judge in a proper case to direct a verdict finding for or against a plea of res adjudicata on the trial of an action for divorce, he has no authority to enter a judgment disposing of the issues raised by such plea with-

out the verdict of a jury, before the term of the court at which the case could be tried on its merits. Where he renders such a judgment, it will be reversed on an appropriate exception. *Union Investment Co. v. Engesser*, 151 *Ga.* 695 (107 S. E. 861).

*Judgment reversed. All the Justices concur.*

No. 3395. APRIL 12, 1923.

Libel for divorce. Before Judge Meldrim. Chatham superior court. Augugst 17, 1922.

On March 28, 1922, a woman instituted a suit for divorce returnable to the June term of court. The alleged grounds of divorce were stated in the 5th, 6th, and 7th paragraphs of the petition as follows: 5th. "The defendant has inflicted upon petitioner such cruel treatment as to cause her serious apprehension of injury to her life, limb, and health; has in fact injured and impaired her health and endangered her life, and caused her to suffer great physical pain and agony to such an extent that it is impossible for petitioner longer to live with the defendant as his wife." 6th. "The defendant has been guilty of the offense of adultery, at times and places with women whose names are unknown to petitioner, and cannot be more particularly specified." 7th. "The defendant is an habitual drunkard." The petition also alleged that "there is one child the issue of this marriage, . . aged four years," and that "petitioner has always done her full duty toward the defendant as his wife, and is without fault in the premises." The prayers were: (*a*) For a total divorce. (*b*) For custody of the child. (*c*) For permanent and temporary alimony for plaintiff and the child. (*d*) For attorney's fees, and for general relief. On April 10, 1922, the defendant filed a general demurrer on the ground that the petition " sets forth no cause of action against this defendant," and demurrers to the 5th, 6th, and 7th paragraphs of the petition, as follows: " To the fifth paragraph of plaintiff's petition, for the reason that it is not shown how or when and where, neither in what manner the injuries and treatment alleged in the fifth paragraph took place, how or in what manner they were injurious to her health, neither in what manner they have injured and impaired her health and endangered her life, nor why or what acts caused such pain and agony to such an extent that it was impossible for petitioner to live with defendant; and that the entire paragraph is merely a conclusion of the pleader." " To . . the sixth paragraph of

plaintiff's petition, for the reason that the paragraph is nothing more than a conclusion of the pleader, and no facts are pleaded to show when, where, and with whom defendant committed the offense of adultery, nor where such acts were committed, prior or subsequent to the verdict of the jury rendered in the same case which was tried in this court at the December term." "To the seventh paragraph, . . for the reason that it is a mere conclusion of the pleader; no facts are pleaded to show upon whom the acts or things upon which the presumption is predicated; neither is it shown when, how, or to what extent defendant drank or was drunk." On the day the demurrer was filed the defendant also filed a plea of res adjudicata, which was substantially as follows: "That the same plaintiff in this case brought a suit for divorce against the same defendant, relying upon the same grounds, to this honorable court, which said divorce suit was tried at the December term, 1921, and a verdict rendered against the plaintiff, refusing to grant her a divorce. That later thereafter a motion for a new trial was filed by plaintiff, which said motion after the hearing was overruled, and no appeal therefrom taken. That the said matters and things involved between the parties and relied upon by the plaintiff in this case have been passed upon by a jury in this court and determined against her. That if there are any grounds in the present petition for divorce which were not incorporated, it is not shown that such grounds occurred subsequent to the adjudication above set forth. Wherefore defendant prays that this his plea of res adjudicata be sustained and said suit dismissed." After the filing of the plea of res adjudicata the plaintiff filed an amendment to the petition, alleging as follows: "1. Petitioner shows that prior to the bringing of this suit she had brought another suit against this defendant, basing the same solely upon the ground of cruel treatment. While at that time the ground of habitual intoxication existed, she listened to the persuasion and pleas of her husband that she should not charge him with habitual intoxication, telling her that if she should do so, it might cause him to lose his job with the railroad company, and might cause him to suffer other financial injury. The defendant had a brother, who is a decent and respectable man, living in South Carolina, who personally came to Savannah and added his pleas to those of the defendant, Cottingham,

that the defendant should not be charged with habitual intoxication. For these reasons petitioner did not base her former suit upon the ground of habitual intoxication, at the special instance and request of the defendant and his brother. 2. Petitioner shows that on December 6th, 1921, a jury found a verdict against petitioner in her former divorce suit. 3. Petitioner avers that since that time the defendant has continued to be, and is now, an habitual drunkard." On August 17th, 1922, which was prior to the trial term, the judge entered the following judgment on the demurrer: "The general demurrer is overruled. The special demurrers to the 5th and 6th paragraphs of petition are· sustained. The special demurrer to 7th paragraph of petition is overruled." On the same day the judge entered the following judgment on the plea of res adjudicata: "Plea of res adjudicata sustained." The plaintiff excepted.

*Oliver & Oliver*, for plaintiff.

*Lewis A. Mills Jr.*, for defendant.