20234. VINSON, executor, v. GARLAND.

STEPHENS, J. 1. Where A is indebted to B and B afterwards gives his promissory note to A for an indebtedness to A, they can afterwards, by agreement, cancel the mutual indebtedness, and agree that B's note to A shall be considered canceled and paid in consideration of B's releasing A from A's indebtedness to B. In a suit against B on the note, a plea setting up payment of the note by virtue of such agreement between A and B sets out a good defense and is not subject to general demurrer.

2. In a suit upon a promissory note, an amendment to the defendant's plea which alleges that after the execution of the note there was, between the parties, "a complete settlement of the debt" represented by the note, and that a named sum was paid to the holder of the note "in complete accord and satisfaction of the debt sued on," contains a sufficient allegation, as against a general demurrer, that there was a consideration given for the sum paid by the defendant in accord and satisfaction.

3. The plea indicated in paragraph 2 made an issuable defense to an unconditional contract in writing, and therefore should have been verified under oath or affirmation. Civil Code (1910), §§ 5660, 6299, 6516. This plea not having been verified as required by law, the court erred in not sustaining the plaintiff's motion to strike it upon this ground. Evidence in support of this plea having been admitted, and a verdict and judgment having been found for the defendant, the judgment refusing to strike the plea necessarily affected the verdict and judgment rendered, and, being erroneous, the verdict and judgment should be set aside. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JUNE 13, 1930.

*Joseph T. Davis,* for plaintiff.
*J. B. Jones, T. S. Candler,* for defendant.