PERRY *v.* GORMLEY, superintendent of banks, *et al.*

HUTCHESON, Justice. 1. A petition, seeking cancellation of a security deed and injunction against a sale under power contained therein, alleging that the debt for which the deed was given as security has been paid, and that the parties plaintiff are the administratrices of the estate of the grantor in the deed, a holder of a lien junior to the security deed, and the owner of a one-half undivided interest in the lands therein conveyed, of whose interest the defendant grantee had notice at the time the deed was executed, is sufficient to set forth a cause of action for the relief prayed for, as against a general demurrer.

2. Such a petition is not demurrable on the ground of multifariousness, or of misjoinder of parties plaintiff, or that the interests of the plaintiffs are antagonistic and divergent. All of the plaintiffs have an interest in the realty, and have a common interest in seeking to enjoin a sale thereof and cancellation of the deed thereto. Code, § 37-1007; *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97); *Blaisdell* v. *Bohr*, 68 *Ga.* 56 (3); *White* v. *North Georgia Electric Co.*, 128 *Ga.* 539, 541 (58 S. E. 33).

3. In such a petition allegations that the debt secured by said deed has been paid and fully satisfied; that the last payment thereon was made on a certain day, by check for a certain sum payable to the husband of the grantee in said deed, who was duly authorized by the grantee to accept said payment in full; that said payment had been agreed upon between the grantor and the grantee as the balance due; that the grantor in said deed is now dead; that he kept no books of account, depending chiefly upon his canceled checks and bank statement; that his papers and effects were badly scattered; that petitioners have used utmost diligence, and they have been unable to ascertain the dates, methods, and times of previous payments, so as to plead the same, but that said payment alleged was in full, final, and complete settlement of all amounts due the grantee on the indebtedness secured by the deed in question, are sufficient as against special demurrers on the grounds that the allegations of payment are mere conclusions of the pleader and do not show when, how, and to whom payment was made. *Epstein* v. *Thomas*, 15 *Ga. App.* 741, 744 (84 S. E. 201); *Vinson* v. *Garland*, 41 *Ga. App.* 601 (154 S. E. 158).

4. It is impossible to define satisfactorily what would be orderly and distinct paragraphs within the purview of the Code, § 81-103, requiring that "petitions in the superior courts for legal or equitable relief or both shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively." A substantial compliance therewith is sufficient; and whether the petition substantially complies with the Code is a matter which must be largely left to the discretion of the trial judge. *Orr* v. *Cooledge*, 117 *Ga.* 195, 207 (43 S. E. 527); *Atlanta, K. & N. Ry. Co.* v. *Smith*, 119 *Ga.* 667 (46 S. E. 853). While the first numbered "paragraph" of the petition in the present case was capable of subdivision and numbering in separate paragraphs, the various matters set up therein were paragraphed but not numbered. Under these circumstances we can not say that there had been such a disregard of the provisions of the Code that the trial judge erred in upholding the petition as framed. *Atlanta & West Point R. Co.* v. *Camp*, 130 *Ga.* 1 (3) (60 S. E. 177, 15 L. R. A. (N.S.) 594, 124 Am. St. R. 151, 14 Ann. Cas. 439).

5. The evidence adduced on the interlocutory hearing was sufficient to authorize a finding that the debt for which the security deed was given had been paid.

6. At an interlocutory hearing the court has no authority to dispose of a plea of res judicata. *Cottingham* v. *Cottingham*, 155 *Ga.* 460 (3) (117 S. E. 376). If the evidence in the present case was otherwise sufficient to warrant the exercise of the court's discretion in granting the interlocutory injunction, the plaintiffs were entitled to such relief,

even though the court, after the introduction of evidence at the trial term on the plea of res judicata, might be authorized to direct a verdict in favor of such plea. *Rodgers* v. *First Mutual Building & Loan Asso.,* 179 *Ga.* 147 (175 S. E. 477).

7. Under the above rulings and the evidence the trial court did not err in overruling the demurrers to the petition and in granting the interlocutory injunction. *Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., who dissent from so much of the judgment as affirms the grant of an injunction, the evidence in their opinion not authorizing that relief.

No. 11613.   FEBRUARY 9, 1937.

*Pierce Brothers, Joseph Law,* and *Benjamin E. Pierce Jr.,* for plaintiff in error.

*H. Cliff Hatcher, A. S. Bradley,* and *Guy Alford,* contra.