27904. SPENCE *et al. v.* RODGERS.

DECIDED MARCH 6, 1940.

*Samuel J. Boykin,* for plaintiff in error.

*J. Harvey Beall, Willis Smith, Emmett Smith,* contra.

PER CURIAM. A suit for damages was brought by Mrs. Minnie Rodgers, for alleged negligent homicide of her son, against J. Render Spence and the Metropolitan Casualty Company, his insurer. Spence filed a general and two special demurrers to the petition, one on the ground of misjoinder of parties defendant and the other on misjoinder of causes of action. The court in one order overruled the general demurrer and sustained the two special demurrers, but did not in the order dismiss the action. Multifariousness and misjoinder are subjects of special demurrer only; and if a petition is adjudged to be subject to demurrer on either ground, the plaintiff has the right to elect as to his cause of action or as to the party against whom he will proceed. The record here does not disclose that the plaintiff amended or offered to amend her petition after the special demurrers were sustained. In the absence of an amendment curing the defects in the petition, after the special demurrers were sustained, the court erred in not dismissing the action. The judgment is reversed, with direction that the plaintiff be given an opportunity to amend by electing as to the defendant against whom she will proceed.

*Judgment reversed, with direction. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. I frankly admit that the filing of this dissent is much ado about nothing, because whether the judgment is affirmed or reversed the result will be the same. The plaintiff will have the right to amend, in the absence of which her action must be dismissed. I think the judgment should be affirmed, because I construe the order of the judge to mean that he does not intend to dismiss the action. If he had intended to dismiss it, it was very unnecessary for him to overrule the general demurrer in the same order, and thereby to indicate most plainly that the case

was still in court. If the judge made any error at all, it does not appear upon the record. It would have been error for him to dismiss the action on the special demurrers, without giving the right to amend. If the plaintiff had an opportunity to amend, before or after the order sustaining the special demurrers, and did not do so, the judge should have gone further and dismissed the action on the special demurrers. Since the record is silent as to whether the opportunity to amend was afforded, and since the order of the judge so clearly indicates that it was not, I think the judgment should be affirmed, because there is no exception to a final judgment.