### 29590.   PARKER *v.* KING.

DECIDED DECEMBER 4, 1942.   REHEARING DENIED DECEMBER 18, 1942.

*Maddox & Griffin,* for plaintiff.   *Rosser & Rosser, Wright, Willingham & Fullbright,* for defendant.

STEPHENS, P. J.   Clyde Parker brought suit against Mrs. J. W. King to recover $6000 damages, for an alleged breach by the defendant of a contract between the parties, which he claimed had been sustained by him as the result of the breach. It was alleged that during May 1940 the defendant agreed with the plaintiff, if

he and his wife would leave Atlanta, where they lived, were permanently employed, and were buying a home, and come to Chattooga County and live with the defendant on her farm near Menlo and "look after and care for her the rest of her life," that on her death she would give the farm to the plaintiff; that the defendant is the plaintiff's aunt, and in May, 1940, was seventy years old and in bad health; that the farm near Menlo where she resided comprised 156 acres, "being of the reasonable value of $6000;" that the defendant has no child; that the plaintiff accepted the offer of the defendant; that it was mutually agreed that the plaintiff was to sell all of his property in Atlanta and that he and his wife were to give up their jobs and move to the farm and care for and look after the defendant for the remainder of her life; that the plaintiff did these things; and that the defendant also agreed that in addition to giving the plaintiff the farm she would give to him all of the personal property located on the farm at the time of her death; that she further agreed that after January 1, 1941, and until the defendant's death, the plaintiff was to have entire charge and control of the farm, with the privilege of using a sufficient portion thereof to cultivate and make a crop for himself; that after the plaintiff and his wife moved to the farm they lived in the house with and looked after and cared for the defendant in accordance with the agreement; that on November 19, 1940, the defendant notified the plaintiff that she was not satisfied with the arrangement, and for him and his wife "to vacate the premises and to move out of said home and that she would not be bound by, or comply with her contract and agreement" theretofore entered into; that the defendant, as a part of her scheme and device to cause the plaintiff to vacate and leave the premises, on November 22, 1940, had a peace warrant issued for the plaintiff and he was arrested under the warrant; that the plaintiff has at all times complied with all of the terms of the contract to be performed by him, and is ready and willing to continue to comply therewith, but the defendant has refused to comply with the contract, or to permit the plaintiff to comply with his part thereof, and has ordered the plaintiff and his wife to leave; that in accordance with the defendant's orders, and in view of the further fact that the plaintiff was arrested under the peace warrant, he has, in order to avoid any disturbance or trouble with the defendant, vacated the premises, and that the

defendant has notified the plaintiff that she will not convey the property to him and will not make any will or conveyance whereby the title thereto would at her death vest in him. The petition further alleged that on account of the above facts the defendant is liable in damages to the extent of the reasonable value of the farm which is $6000.

The defendant demurred to the petition on the grounds, (1) that no cause of action is set forth; (2) the petition discloses on its face that the contract relied on was verbal, was not to be performed within twelve months, and was void under the statute of frauds; (3) the plaintiff fails to set forth any measure of damages which could be recovered. The judge sustained the, demurrer and dismissed the action. The plaintiff excepted.

The defendant does not now contend that the petition was properly dismissed under the first and second grounds of her demurrer, which were the only grounds that were general. She insists that the petition did not set forth any "legal measure of damages," and that the court properly sustained the demurrer and dismissed the action. In a suit for damages for breach of contract the petition is not subject to a general demurrer on the ground that the wrong measure of damages is set forth. That is a defect that can be reached only by special demurrer. *Koch Company* v. *Adair,* 49 *Ga. App.* 824 (3) (176 S. E. 680); *Atlanta Plow Co.* v. *Bennett,* 49 *Ga. App.* 672 (6) (176 S. E. 822). The proper judgment on a special demurrer that the petition alleges the wrong measure of damages is not a peremptory judgment of dismissal, but one giving the plaintiff an opportunity to amend and set forth the correct measure of damage; and then, if the plaintiff fails to amend, the petition may be dismissed on such ground of special demurrer. See *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96, 98 (166 S. E. 673), and cit.; *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87).

"An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract; and if accepted as such by the opposite party to the contract, it constitutes an anticipatory breach, and the injured party may at his election at once sue and recover his entire damages." *Phosphate Mining Co.* v. *At-*

*lanta Oil &c. Co.,* 20 *Ga. App.* 660 (93 S. E. 532). The petition shows an anticipatory breach of the contract between the parties which breach has been accepted by the plaintiff. See *Darnell* v. *Toney,* 41 *Ga. App.* 673, 681 (154 S. E. 379). The contract contained mutual promises and obligations. Mrs. King was to furnish Parker a home with her, and the use of the premises during Mrs. King's lifetime, and at her death the property was to become the absolute property of Parker. Mrs. King made these obligations in consideration of the promises and obligations on the part of Parker to take care of and support her for the balance of her life. Had the contract been carried out to the end, and Parker had performed his obligations, and Mrs. King had performed the obligations resting on her during her lifetime, which were to give Parker a home and the use of the premises, there is no doubt that Parker, at Mrs. King's death, would have been entitled to the land as agreed on or the value thereof. When Mrs. King breached the contract before she died by refusing to perform her obligations to Parker, which consisted in allowing him the use of the premises and a home, this amounted to a tender of an anticipatory breach by Mrs. King, and Parker, on accepting the situation and moving off the premises, thereby further failing to render support to Mrs. King and also failing to receive a home on the premises, accepted Mrs. King's tender of breach and at that point there arose an anticipatory breach by Mrs. King.

While it has been held that where there has been a breach of a contract before it has been fully performed, the innocent party who has partly performed may keep the contract in life and perform his part and recover the entire value of his contract as if the breach continued to the date fixed for performance *(Phosphate Mining Co.* v. *Atlanta Oil Co.,* supra), this does not mean that, in failing to go on and render all the services which he would have been required to render under the contract, he may recover all that the opposite party had agreed to give him under the contract. Where there has been an anticipatory breach of the contract the innocent party is not necessarily limited to a recovery of the mere value of the services he has performed. He may recover the entire present value to him of his contract. Since the time within which the contract was to be performed, by the giving to the innocent party, the plaintiff, by the defendant of her farm, was indefinite,

it would be necessary, before the plaintiff's damages could be recovered, to ascertain the expectancy in life of Mrs. King. This could be done by taking into consideration her age, health, etc., and by the use of the mortality tables. In determining the measure of damages this value could be established by taking into consideration the value of the property which the defendant had agreed to give the plaintiff at her death, the number of years which she might live, the benefits to the plaintiff arising from his use of the lands, less any abatement of such damages by the value of the services which the plaintiff did not render to the defendant. Stated differently: in determining this value the jury would be authorized to take into consideration the value of the land which the defendant agreed to give to the plaintiff at her death, the number of years which the defendant might live, the benefit to the plaintiff arising from the raising of crops on a portion of the lands, less any abatement of such damages by reason of any circumstances of which the plaintiff ought reasonably to avail himself.

The petition was subject to special demurrer in that the measure of damages alleged was the reasonable value of the defendant's farm which she agreed to give to the plaintiff upon her death. However, the judge erred in peremptorily dismissing the petition on such special demurrer. Leave is given to the plaintiff to amend and set out the correct measure of damages.

*Judgment reversed, with direction. Sutton and Felton, JJ., concur.*

### ON MOTION FOR REHEARING.

STEPHENS, P. J. We find nothing in the motion for rehearing, except a reargument of the case by counsel for the losing party. Counsel claim that this court has overlooked a great many decisions named in the motion. While this court in its opinion did not specifically cite and refer to every case cited in counsel's brief, and which counsel in the motion for rehearing assert that the court refused to follow, this court did specifically refer to *Darnell* v. *Toney,* and *Phosphate Mining Co.* v. *Atlanta Oil &c. Co.,* supra. This court relied on its own construction of the *Phosphate Mining Co.* case, and not on the construction which counsel put on it.

*Rehearing denied. Sutton and Felton, JJ., concur.*