## 34105. GREEN *v.* W. A. LATHEM & SONS.

DECIDED JUNE 20, 1952.

*Sam P. Burtz, A. J. Henderson,* for plaintiff in error.
*Leon Boling, J. P. Fowler,* contra.

FELTON, J. ■ Strict pleadings are not required in a justice's court and the account attached to the summons was sufficient to inform the defendant of the plaintiff's claim against him. *Hendrix* v. *Elliott,* 2 *Ga. App.* 301 (58 S. E. 495) ; *Moore* v. *Bower,* 6 *Ga. App.* 450, 452 (2) (65 S. E. 328). The demurrer and motion to dismiss were properly overruled.

■ The witness for the plaintiff testified that W. A. Lathem & Sons or its agent never had any conversation with the defendant prior to the sale of the fertilizer to Sosebee, and had no contract with the defendant with reference to payment for the fertilizer. Therefore, the plaintiff is not contending, nor did the evidence prove, that the defendant personally bought the fertilizer. The evidence did not show that the defendant was a guarantor (see *Southern Coal & Coke Co.* v. *Randall,* 141 *Ga.* 48, 80 S. E. 285) ; nor did it show that the defendant undertook to pay the debt of Sosebee (see Code, § 20-401 (2) ) ; nor did it show that Sosebee was the defendant's agent, or purported to act as agent when he bought the fertilizer and the buying was ratified by the defendant. The defendant in error relies on the following testimony to show that the defendant was liable for the account sued

on: "I [defendant] told Sosebee to take the cotton to W. A. Lathem & Sons and pay the fertilizer bill for me and himself, to pay my share and his share." The only construction that could be put on this testimony in the light of all the other evidence was that the defendant owed Sosebee, not the plaintiff, for a part of the fertilizer and that he instructed Sosebee to take the first bale of cotton to pay Sosebee's share and the share that the defendant owed Sosebee. No other reasonable construction of the evidence is possible, and a finding was demanded that the defendant did not owe the account sued on.

The court erred in overruling the certiorari.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*