35851. Trowbridge *v.* Atlanta Newspapers, Inc.

Townsend, J. 1. It is permissible for the plaintiff in pleading his cause of action to set out therein as many counts as he desires; each must set forth a perfect cause of action, embraced in distinct and orderly paragraphs numbered consecutively. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (3) (38 S. E. 91).

2. A substantial compliance with Code § 81-103, requiring that petitions in the superior court shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively, is sufficient; however, whether there has been a substantial compliance therewith is a matter which must be largely left to the discretion of the trial judge. *Perry* v. *Gormley*, 183 *Ga.* 757 (4) (189 S. E. 850); *McConnell* v. *Smith*, 18 *Ga. App.* 618 (1) (90 S. E. 88).

3. The petition in this action for libel contained 3 paragraphs numbered 1, 2 and 3, followed by a heading "Count One" divided into 4 "subparagraphs", a "Count Two" with 6 "subparagraphs", a "Count Three" containing 7 paragraphs numbered 1 through 7, a "Count Four" with 5 paragraphs numbered 1 through 5 and a "Count Five" with 3 paragraphs numbered 1 through 3, all of which is followed by "paragraphs of the main petition" numbered 4, 5, 6 and 7. In a number of the "counts" essential facts which were alleged in other counts are simply mentioned as "hereinabove set out" without the pleader adopting any part of one count and making it a part of another count by reference, as permitted in the amendment to Code (Ann. Supp.) § 81-103 (Ga. L. 1953, Nov.-

Dec. Sess., pp. 440, 444), or without setting out such essential facts in another count, so as to make it perfect within itself. No "count" adopted, by reference or otherwise, the averments set out in the 7 paragraphs of the "main petition" and the "main petition" did not set out a cause of action within itself. The defendant by general demurrer attacked each count as failing to set out a cause of action, and by special demurrer attacked the petition for the reason that it was not set out in orderly and distinct paragraphs as required by law. The court sustained the demurrers with leave to amend. When the time allowed for amendment by this order had expired and plaintiff failed to amend, the court entered a final order sustaining the demurrers and dismissing the petition, which judgment is assigned as error.

Where a defect which is the subject of special demurrer but which goes to the petition as a whole is sustained, the court should, as was done here, give the plaintiff time in which to amend, but where such time is given and the plaintiff fails or refuses to cure the defect by amendment, the petition should then be dismissed. *Spence* v. *Rogers,* 61 *Ga. App.* 854 (7 S. E. 2d 787); *Parker* v. *King,* 68 *Ga. App.* 672, 674 (23 S. E. 2d 575). The petition in this case was not properly paragraphed, and the result was undoubtedly extremely confusing to the trial court, as it is to this court, in attempting to determine what is intended to be the cause of action in each of the "counts" of the petition. Accordingly, the trial court had a right to require that the petition be re-written or re-paragraphed so as to cure this defect, and, upon the plaintiff refusing to do so, to dismiss it in its entirety.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 20, 1955—REHEARING DENIED NOVEMBER 8, 1955.

*S. T. Allen,* for plaintiff in error.
*Arnold & Gambrell, John E. Dougherty,* contra.