37305.   ROGERS *v.* ADAMS.

DECIDED SEPTEMBER 16, 1958.

*Ward, Brooks, Parker & Daniel, William W. Daniel,* for plaintiff in error.

*Luther C. Hames, Jr.,* contra.

TOWNSEND, Judge. ■ It is contended that the trial court erred in refusing to permit the plaintiff to amend his petition under the following circumstances: after the petition had been once amended, additional demurrers filed, and argument thereon concluded, the trial court "stated that he thought the petition was subject to general demurrer and that he would sustain one or more of the grounds of general demurrer of the defendant L. G. Adams; thereupon the attorney for the plaintiff orally requested leave to meet the grounds of the demurrer which the court intended to sustain without ever offering a proffered amendment; that the court refused to grant the plaintiff an opportunity to amend his petition; that the court stated that he had not decided at that time which grounds of demurrer should be sustained." The court then took the matter under advisement and later issued an order sustaining all grounds of general demurrer and reciting that, the petition having been already amended, the request of plaintiff for leave to amend is denied.

"The final judgment of a court of record has not been rendered, in legal contemplation, until such judgment is written up and

signed by the judge, and, accordingly, an amendment is not too late if tendered before the judgment has been actually signed. *Graham* v. *Phinizy*, 204 *Ga.* 638, 643 (51 S. E. 2d 451) ; *Long* v. *Stanley*, 200 *Ga.* 239, 241 (36 S. E. 2d 785) ; *Freeman* v. *Brown*, 115 *Ga.* 23 (1) (41 S. E. 385) ; *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (7 S. E. 281)." *Browning* v. *Hirsch*, 87 *Ga. App.* 576, 577 (75 S. E. 2d 43). "Where a defect which is the subject of special demurrer but which goes to the petition as a whole is sustained, the court should . . . give the plaintiff time in which to amend, but where such time is given and the plaintiff fails or refuses to cure the defect by amendment, the petition should then be dismissed. *Spence* v. *Rogers*, 61 *Ga. App.* 854 (7 S. E. 2d 787) ; *Parker* v. *King* 68 *Ga. App.* 672, 674 (23 S. E. 2d 575)." *Trowbridge* v. *Atlanta Newspapers, Inc.*, 93 *Ga. App.* 11 (3) (90 S. E. 2d 592). Where the trial judge properly sustains a general demurrer, it has been specifically held that he is not obliged to permit the plaintiff to amend. *Ripley* v. *Eady*, 106 *Ga.* 422 (2) (32 S. E. 343) ; *Lamar Taylor & Riley Co.* v. *Bank*, 127 *Ga.* 448, 452 (56 S. E. 486) ; *Wells* v. *Butler's Supply Co.*, 128 *Ga.* 37, 39 (57 S. E. 55) ; *Owens* v. *Rutherford*, 200 *Ga.* 143, 152 (36 S. E. 2d 309). Where a demurrer is filed on both general and special grounds, it is not error to sustain the demurrers and dismiss the petition where, although a request was made for time to amend, the record does not disclose what amendment the plaintiffs proposed to make. *Lipscomb* v. *City of Cumming*, 211 *Ga.* 55 (3) (84 S. E. 2d 3).

It follows that no error is shown here. The plaintiff apparently did not himself know what amendment he intended to make, and sought to obtain from the court information as to which of the general demurrers was about to be sustained and then direct himself to that point. *Lytle* v. *DeVaughn*, 81 *Ga.* 226, supra, is not any authority for such procedure. For convenience, the above stated rules may be summarized as follows: Any amendment actually proffered before the order on demurrer is signed should be considered. Where the defect goes to matters of form, an amendment curing the defect should be allowed and a nominal time should ordinarily be granted to draw such an amendment. Where the defect goes to matters of substance the trial court is

not ordinarily obliged to grant further opportunity to amend. The exception here is without merit.

■ Under Code § 105-702 an action will lie for oral defamation consisting of "charges made against another in reference to his trade, office or profession, calculated to injure him therein" as to which general damage is inferred. The word "trade" is sufficiently broad to include employment by another, and "the charge must be of something that affects his character generally in his trade." *Van Epps* v. *Jones*, 50 *Ga.* 238, 241. It was held actionable in *Stanley* v. *Moore*, 48 *Ga. App.* 704 (173 S. E. 190) to state of an employee concerning her conduct on a business errand that she "did not act like a lady" where on account of such false statement she lost her employment. In such a case, the law implies malice from the falsity of the charge, and it is unnecessary, in order to sustain a cause of action where it does not appear from the petition that the words were spoken under the cloak of privilege, that they be uttered with an actual malicious intent to injure another. Code § 105-706 provides: "In all actions for printed or spoken defamation, malice is inferred from the character of the charge. The existence of malice may be rebutted by proof, which in all cases shall go in mitigation of damages, and in cases of privileged communications it shall be in bar of the recovery." In *Pearce* v. *Brower*, 72 *Ga.* 243, 245, it was stated: "The only difference made by the statute between a communication not privileged and one that is privileged is that, in the former or unprivileged class, want of malice goes in mitigation of damages, while in the latter class of privileged communications, absence of malice constitutes a bar to the recovery. It is most manifest from this statute that these matters are to be submitted to and passed on by the jury, the court taking care to instruct them as to the law governing their finding. In this case, the plaintiff's declaration does not show that the publication was a privileged communication, and whether it be or not, upon the facts proved, is a question for the jury."

In the briefs submitted in the present case, both the plaintiff and defendant have made mention of circumstances tending to show that the statements alleged here were privileged communications, but these circumstances, if they exist, have no relevancy to the case at this point because they have not been pleaded and

are not before this court. Nothing in the petition or the amendment suggests that the question of privilege is involved. Accordingly, no question is raised by the general demurrers as to whether actual malice rather than implied or legal malice has been pleaded. Neither does the petition show on its face that any question of partnership between the plaintiff and defendant is involved, for which reason the general demurrers attempting to raise the question of partnership are in the nature of speaking demurrers and are also without merit. Lastly, the special demurrers, not having been passed on by the trial court, are not before this court for review.

The petition set forth a cause of action in slander, and the trial court erred in sustaining the general demurrers and dismissing it.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*