41896. TYRER v. MOTORS INSURANCE CORPORATION.

HALL, Judge. The defendant, Tyrer, appeals from a judgment for the plaintiff, a liability insurer, which brought a negligence action as subrogee of its insured. *Held:*

1. "An exception to the refusal of the trial court to grant a

nonsuit will not be considered, where the case is subsequently submitted to a jury and a verdict is returned for the plaintiff, and there are exceptions in the record to the refusal of the court to direct a verdict in favor of the defendant, and to a refusal to enter a judgment in favor of the defendant notwithstanding the verdict, . . ." *Echols v. Thompson*, 211 Ga. 299, 300 (85 SE2d 423); *Rice v. Ware & Harper*, 3 Ga. App. 573 (60 SE 301). Though this case was heard by the judge without a jury, the above rule is applicable. The trial court did not err in denying the defendant's motion for nonsuit.

2. Tyrer filed a plea alleging that he, by a release attached as an exhibit to the plea, had completely released any rights which he may have had against the plaintiff's insured, and that the release was a complete bar and release of any claims the plaintiff may have. This plea was perhaps defective in some respects, as argued by the plaintiff, and the defects could have been reached by special demurrer. *Bynum v. Knighton*, 137 Ga. 250, 251 (73 SE 400). However, the trial court erred in sustaining the plaintiff's general demurrer to the defendant's plea in bar and demurrers numbers 1 and 2 to the defendant's answer. *Vinson v. Garland*, 41 Ga. App. 601 (154 SE 158); *Giles v. Smith*, 80 Ga. App. 540, 543 (56 SE2d 860).

3. The defendant's testimony and the other evidence were sufficient to support a finding that the defendant was negligent, and a judgment for the plaintiff. *McCann v. Lindsey*, 109 Ga. App. 104 (135 SE2d 519).

For the reason stated in Division 2 the judgment is

*Reversed. Nichols, P. J., and Deen, J., concur.*

ARGUED APRIL 5, 1966—DECIDED MAY 4, 1966.

*Edenfield, Heyman & Sizemore, Joseph Lefkoff,* for appellant. *Haas, Dunaway, Shelfer & Haas, Hugh F. Newberry,* for appellee.