42259. CHITWOOD et al. v. AMENT.

JORDAN, Judge. The plaintiff, J. Ament, commenced this action in the Civil Court of Fulton County for "rent, damage to stove, divan, windows and screens total $239.00 (two hundred and thirty-nine)." The defendants, Charlie T. Chitwood and his wife, demurred generally and specially, on the grounds, among others, that the complaint set forth a misjoinder of actions ex contractu and ex delicto, and that the word "rent" without other facts was insufficient. The defendants in their answer alleged, by way of cross action, a complaint for damages on account of the wrongful conversion of personal property. The trial judge, at a hearing on all issues under justice of the peace rules, overruled the general demurrer, sustained the special demurrers, and allowed the plaintiff to elect to proceed ex contractu on the issue of rent, after plaintiff's attorney supplied additional particulars regarding the claim as one for rent due of $135 for a period of six weeks. On motion of counsel for the defendants he dismissed the action against the wife as not being liable as a matter of law for rent for the family, and ex mero motu dismissed the cross action as one sounding in tort which could not be pleaded against an action ex contractu. On the merits on the issue of rent he rendered judgment against the remaining defendant for $45 rent due. The defendants, as appellants in this court, insist through counsel that the court erred in overruling the general demurrer, in dismissing the cross action, and in proceeding to judgment on the issue of rent after having sustained the special demurrer

directed to the word "rent" in the complaint. *Held:*

1. The niceties of pleadings are not required in a proceeding under justice of the peace rules and the averment of the word "rent" sufficiently identified the nature of the proceedings to withstand a general demurrer. *Code* § 24-1102; *Green v. W. A. Lathem & Sons,* 86 Ga. App. 335, 337 (71 SE2d 790).

2. Where the plaintiff exercised his right to proceed ex contractu for rent due after the trial judge had sustained a special demurrer directed to the misjoinder of actions ex contractu and ex delicto, it was not error to dismiss ex mero motu an ex delicto cross action which did not allege that the plaintiff is insolvent or a nonresident. *Spence v. Rodgers,* 61 Ga. App. 854 (7 SE2d 787); *McKellar v. Childs,* 97 Ga. App. 199, 200 (102 SE2d 513).

3. In a trial under justice of the peace rules where counsel for the plaintiff supplied in open court additional details as to the nature and amount of the account after the trial judge had sustained a special demurrer directed to such defects, it was not error for the trial judge to hear evidence and render judgment for the plaintiff on the merits.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

Submitted September 6, 1966—Decided September 27, 1966.

*Paul C. Myers,* for appellants.